OPINION
WALL, Associate Judge.
Summary
Defendant Madplume rented, for 820.00, his good friend’s Ford Ranger Pickup tor the specific purpose of driving it to Sloan’s Bridge near Ronan to party with his friends. There was no discussion of driving it elsewhere; but: it was clearly understood that the truck was not insured and that the owner had to have the truck back *52 by 7:00 a.m. the following morning. After taking possession of the vehicle, Mr. Mad-plume got word that his grandmother was very ill in the hospital in Browning. After trying unsuccessfully to locate the owner to ask permission, he went to Browning anyway. Trying to meet the 7:00 a.m. deadline, he drove from Browning in the early morning hours, fell asleep at the wheel and wrecked the pickup beyond feasible repair. He was, himself, injured.
After failing for seven months to keep his promise to pay for the truck, Mr. Mad-plume was charged with this Nation’s version of the “joyriding” statute based on a report filed by the owmer. It was conceded at oral argument that if Mr. Mad-plume had paid for the truck that he totaled, no criminal charges would have been filed.
After a bench trial, Mr. Madplume was found guilty of violating CS & KT Laws Codified, Section 2-1-813. At the sentencing hearing, the trial court found that the value of the wrecked vehicle wras $2,500. Sentencing was deferred provided Mr. Madplume make restitution in that sum by August 11, 2004.
The trial court made the following findings of fact and conclusions of law: “FACTS:
1) The Defendant asked Linda Michel to borrow her vehicle. 2) Linda Michel agreed to let the Defendant use her vehicle in exchange for $20.00. 3) The Defendant told Michel that he would be in the Ronan area. 4) Michel understood that the Defendant would not leave the Ronan/Pablo area. 5) Defendant found out that his grandmother was ill in Browning and decided to go to Browning. 6) Defendant attempted to locate Michel to get permission to take vehicle to Browning, but was unsuccessful. 7) Defendant took vehicle to Browning and wrecked it.”
“DISCUSSION:
The laws of the Confederated Salish and Kootenai Tribes, Codified state in relevant part

2-1-813 Unauthorized use of a motor vehicle.

(1) A person commits the offense of unauthorized use of a motor vehicle lyy knowingly operating the vehicle of another without his or her consent.

(2) It is a defense that the offender reasonably believed that the oumer vmuld ham consented to the offender’s operation of the motor vehicle if asked. ”

“The Court finds that although the defendant had permission to use Michel’s vehicle in the Ronan/Pablo area, he did not have authorization to take the vehicle to Browning. The defendant did have permission to use the vehicle, but this does not give the defendant free reign to take the vehicle wherever he chooses. The defendant attempted to get permission to take the vehicle to Browning, indicating that he knew that he needed permission. He was unable to do so, and took the vehicle to Browning without authorization.”
DISCUSSION
The facts of this case give rise to a certain uneasiness because of the apparent reality that the punitive power of the criminal law is being used to collect a debt. However, we are bound by the law as we see it.
As a preliminary matter, we hold that it was within the prosecutor’s discretion to file the charge and it was within the trial court’s discretion to impose restitution as a condition of the deferred sentencing.
This leaves the more difficult question of whether the defendant is entitled to the benefit of the defense provided by subpar- *53 agraph (2) of Section 2-1-813; that is, did Mr. Madplume have a reasonable belief that he would have been given permission to take the Ranger Pickup to Browning if he had asked?
Appellant urges us to make a distinction between an “affirmative defense” and a “defense.” This is not, however, a useful distinction. The important distinction is between defenses which tend to negate an element of the offense and all others. See Martin v. Ohio, 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987). The defense involved here would seem to be in the former category; that is, if Mr. Madplume believed he would have had permission had he asked he could not have had the requisite intent to deprive the owner of the temporary use of her vehicle. The question then becomes “does the Tribe have the burden in a case like this, of proving the negative, that is, that the defense is not available to defendant”?
Part 10 of Chapter 2 of the CS & KT Laws Codified spells out trial procedure. Section 2-2-1006 provides that “A plea of not guilty requires that the prosecution prove beyond a reasonable doubt that the crime alleged was committed and that the defendant committed every necessary element of it”
Subparagraph (4) of section 2-2-1007, on the other hand, provides “After the prosecution has rested its case, the defense may give any reserved opening statement and present any defenses or evidence relating to the allegations contained in the complaint ...”
It is clear and we now hold that, whether or not the defense of reasonable belief is part of the element of intent in the crime of unauthorized use, defendant, nonetheless has the duty to present the defense. A diligent search of the record shows that there was not a hint of any evidence bearing upon this defense. It was defendant’s burden to, at least, raise the issue at trial by some evidence. This was not done and we hold that the defense under subparagraph (2) of the unauthorized use statute was not established.
Although it is not necessary in this case to reach the question of defendant’s burden of proof, for the guidance of the trial courts in the future we will announce a rule as follows:
An analogous situation is presented by the defense of self defense which is covered by Section 2-1-304 CS & KT Laws Codified. There the specified burden on the defendant is to “produce sufficient evidence to raise a reasonable doubt of his or her culpability” Extending this level of proof to the unauthorized use situation appears to be reasonable and we hold that if a defendant charged with unauthorized use under Section 2-1-813 wishes to raise the defense provided by subdivision (2), he or she has the burden of raising a reasonable doubt as to the intent to deprive the owner of the use of a motor vehicle by introducing evidence to the effect that the defendant reasonably believed that the owner would have consented to the offender’s operation of the motor vehicle if asked.
Appellant also urges us to hold that the Findings of Fact are inadequate in that they do not cover the issue of whether the defendant had a good faith belief that Ms. Michel would have given him permission if he had been able to locate her. Appellant also points out that the trial court made no reference to the presumption of innocence nor the burden of proof. As to the latter two points, if this had been a jury trial, failure to instruct on these critical matters would be reversible error; but in this particular bench trial, the error, if any, was harmless.
The presumption of innocence is a given and while it is better practice after a criminal bench trial, to recite that the facts *54 constituting the elements of the crime are found to be true beyond a reasonable doubt, if that s, indeed, the case, here the facts were not controverted. We do not say what the result might be in a future case where the facts are contested but we recommend that, in such a case, the trial court specifically find the degree of proof found to have been made for each element of the crime for which a defendant is charged; and similarly, if affirmative defenses are presented, that a finding be made as to whether the required burden of proof was sustained by the defendant.
As to the failure to find on the reasonable belief defense, there is no error since there was no evidence upon which a finding could be based. In short, nothing would be gained by going through the ritual of returning the case to the Trial Court to make additional findings and conclusions. We hold that there was a sufficient compliance in this case with CS & KT Laws Codified, Section 2-2-1007(0).
DISPOSITION
The judgment of the Trial Court is AFFIRMED.